**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUINCY SIMS,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>C. LESINAK, Leiutenant at Kern Valley State Prison,<br><br>     Defendant - Appellee. | No. 15-16191<br><br>D.C. No. 1:14-cv-01130-SKO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 15, 2016[***]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

 California state prisoner Quincy Sims appeals pro se from the district court's

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] Sims consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his 42 U.S.C. § 1983 action alleging a due process claim arising out of the confiscation of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Sims' action because Sims had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

**AFFIRMED.**

15-16191